NO. 07-09-00268-CR

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 

 MARCH 24, 2010



 



 

ANDREA GORDON,  

                                                                                         Appellant


v.

 

THE STATE OF TEXAS,  

                                                                                         Appellee

_____________________________

 

FROM THE 108TH DISTRICT COURT OF POTTER
COUNTY;

 

NO. 56,388-E; HONORABLE DOUGLAS
WOODBURN, PRESIDING

 



 

Memorandum
Opinion

 



 

Before QUINN,
C.J., and HANCOCK  and
PIRTLE, JJ.

            Andrea Gordon was indicted for
aggravated assault with a deadly weapon and convicted by a jury of the lesser
offense of deadly conduct.   She seeks
reversal of that conviction on the basis that the evidence is legally and
factually insufficient to support it.  The
State concedes error, and we reverse the judgment. 

            The jury was instructed that it
could convict appellant of deadly conduct it if found that she knowingly
discharged a firearm at or in the direction of a building and was reckless as
to whether it was occupied. See Tex. Penal Code Ann. §22.05(b)(2) (Vernon 2003).[1]
 The phrase “at or in the direction of”
by its plain language contemplates that the firearm be discharged from some
location other than the building or habitation itself.  Reed v. State, 268 S.W.3d 615, 617 (Tex. Crim. App. 2008).  The evidence here is undisputed that appellant
fired a weapon in her own home while in her bedroom.  Thus, it is not legally sufficient to support
the jury’s verdict, as conceded by the State. 
Id. at 617-18.    

            Accordingly, we reverse the
conviction and enter a judgment of acquittal.

 

Per Curiam

 

 

Do not publish.

                                                                        

                                                                                    











[1]Neither
party challenges the jury charge on appeal.