NO. 07-10-0331-CR

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL A

 

MAY 20, 2011

______________________________

 

 

BRENTON W. SHADDEN, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

 

_________________________________

 

FROM THE 140TH DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO. 2008-420688; HONORABLE JIM BOB DARNELL, JUDGE

 

_______________________________

 

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

ABATEMENT AND REMAND

            Following pleas of not
guilty, Appellant, Brenton W. Shadden,
was convicted by a jury of one count of aggravated assault with a deadly
weapon, a second degree felony, and one count of aggravated assault on a public
servant, a first degree felony.[1]  Punishment was assessed by the trial court at
ten years confinement on each count, ordered to run concurrently.  Notice of appeal was filed on August 13,
2010, and following the filing of the appellate record, Appellant's brief was originally
due to be filed on February 9, 2011.

            By notice dated February
18, 2011, Appellant's appointed counsel, Maxwell C. Peck, was advised that
Appellant's brief had not been filed and was directed to file the brief no
later than February 28, 2011.  Instead, counsel
filed a motion for extension of time requesting only twenty days in which to
file the brief explaining as grounds his case load, being out of town and the
closing of his private practice.  An
extension was granted to March 11, 2011, noting that subsequent extensions would
not be considered absent good cause.[2]  

            After the March 11, 2011
deadline passed, counsel was again advised that the brief had not been filed
and was given until April 1, 2011, in which to do so.  Counsel was further advised that failure to
comply might result in abatement of the appeal and a remand of the cause to the
trial court for further proceedings pursuant to Rule 38.8(b)(2) and (3) of the
Texas Rules of Appellate Procedure.  Once
again, counsel failed to timely file the brief and instead filed a second
motion for extension of time citing his case load as grounds.  This Court generously granted an extension to
May 11, 2011, in which to file Appellant's brief.

            The May 11, 2011
deadline has now passed and counsel has not communicated with this Court
regarding this appeal.  Consequently, we
now abate this appeal and remand the cause to the trial court for further
proceedings.  Upon remand, the trial
court shall use whatever means necessary to immediately determine why counsel
has failed to timely file Appellant=s brief and take such action as is necessary to ensure that
the brief is filed with the Clerk of this Court.   

Should counsel file Appellant's brief on or before, June 6,
2011, he is directed to notify the trial court, in writing, of the filing,
whereupon the trial court shall not be required to take further action.  If, however, the brief is not filed by that
date, pursuant to Rule 38.8(b)(2) and (3) of the Texas
Rules of Appellate Procedure, the trial court is directed to conduct a hearing (irrespective
of whether Appellant's counsel subsequently files a brief), on or before June 20,
2011, to determine the following: 

1.           
whether Appellant
desires to prosecute the appeal;

2.           
whether
Appellant=s counsel has effectively abandoned
the appeal given his failure to timely file a brief; 

3.           
whether
Appellant has been denied effective assistance of counsel and is entitled to
new appointed counsel; and

4.           
whether
Appellant's counsel's failure to comply with the Rules of Appellate Procedure
and the directives of this Court raises a substantial question as to counsel's
honesty, trustworthiness, or fitness as a lawyer.  See
Tex. Code Jud. Conduct, Canon 3(D)(1), reprinted in Tex. Gov't Code Ann., tit.
2, subtit. G, app. B (West 2005). 

 

Should it be determined that Appellant does want to prosecute this appeal
and the trial court determines he is entitled to new appointed counsel, the
trial court shall immediately provide to the Clerk of this Court the name,
address, telephone number, and state bar number of the newly-appointed
counsel.  The trial court shall execute
findings of fact and conclusions of law, and shall cause its findings,
conclusions, and any necessary orders to be included in a supplemental clerk's
record to be filed with the Clerk of this Court by July 8, 2011.  Finally, newly appointed counsel shall file
Appellant's brief within thirty days after the date of appointment. 

It is so ordered.

 

Per Curiam

Do not publish.

 

 

 

 











[1]Tex.
Penal Code Ann. §§ 22.02(a)(2) and 22.02(b)(2)(B)
(West  Supp. 2010).





[2]See Curry v. Clayton, 715 S.W.2d 77, 79
(Tex.App.--Dallas 1986, no writ) (generally, the normal press of business is
not considered good cause).








nbsp;



 

ANDREA GORDON,  

                                                                                         Appellant


v.

 

THE STATE OF TEXAS,  

                                                                                         Appellee

_____________________________

 

FROM THE 108TH DISTRICT COURT OF POTTER
COUNTY;

 

NO. 56,388-E; HONORABLE DOUGLAS
WOODBURN, PRESIDING

 



 

Memorandum
Opinion

 



 

Before QUINN,
C.J., and HANCOCK  and
PIRTLE, JJ.

            Andrea Gordon was indicted for
aggravated assault with a deadly weapon and convicted by a jury of the lesser
offense of deadly conduct.   She seeks
reversal of that conviction on the basis that the evidence is legally and
factually insufficient to support it.  The
State concedes error, and we reverse the judgment. 

            The jury was instructed that it
could convict appellant of deadly conduct it if found that she knowingly
discharged a firearm at or in the direction of a building and was reckless as
to whether it was occupied. See Tex. Penal Code Ann. §22.05(b)(2) (Vernon 2003).[1]
 The phrase “at or in the direction of”
by its plain language contemplates that the firearm be discharged from some
location other than the building or habitation itself.  Reed v. State, 268 S.W.3d 615, 617 (Tex. Crim. App. 2008).  The evidence here is undisputed that appellant
fired a weapon in her own home while in her bedroom.  Thus, it is not legally sufficient to support
the jury’s verdict, as conceded by the State. 
Id. at 617-18.    

            Accordingly, we reverse the
conviction and enter a judgment of acquittal.

 

Per Curiam

 

 

Do not publish.

                                                                        

                                                                                    











[1]Neither
party challenges the jury charge on appeal.