

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. PD-0282-12 & PD-0283-12

### CHRISTINA CARLETTA JONES, Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIFTH COURT OF APPEALS
### DALLAS COUNTY

**KEASLER, J., delivered the unanimous opinion of the Court.**

### O P I N I O N

Christina Jones claims that her conviction for fraudulent use or possession of identifying information violated the doctrine of *in pari materia* because that statute conflicts with the statute defining the offense of failure to identify, carrying a lower penalty. Because the statutes differ in meaningful ways, we disagree and affirm the court of appeals's judgment.

### I.  Facts

In November 2007, Jones was stopped for speeding by Addison Police Officer Jeff Sharp. Jones gave Officer Sharp her correct date of birth, but told him her name was Tiffani Collier and gave a fictitious address. Tiffani Collier is one of Jones's former schoolmates who shares Jones's date of birth. Officer Sharp ticketed Jones in Collier's name for speeding in a school zone, failing to display a driver's license, and failing to maintain financial responsibility.

In June 2008, Jones was again stopped for speeding, this time by Officer Andre Cerminara of the Addison Police Department. Jones told Officer Cerminara her name was Tiffani Collier. Officer Cerminara issued another speeding ticket to Jones in Collier's name and then arrested her for the outstanding warrant for the previous ticket she received in November 2007 in Collier's name. Jones posted bond following her arrest and signed her name as Tiffani Collier on the bond.

In January 2009, Tiffani Collier complained to Addison police after receiving letters from the Addison Municipal Court regarding a warrant for her arrest, despite not having been stopped or ticketed in Addison. Officer Cerminara, the policeman who conducted Jones's June 2008 stop, showed Collier a booking photo of Jones, at which point Collier told him that the two had attended school together.

Jones was subsequently charged in two separate indictments with the offense of fraudulent use or possession of identifying information under Texas Penal Code § 32.51(b). Initially, Jones pleaded not guilty to both indictments and filed a plea to the jurisdiction on

the grounds that, under the *in pari materia* doctrine, she should have been charged with two instances of failing to identify under Texas Penal Code § 38.02(b). Following a hearing on the matter, the trial judge denied her plea to the jurisdiction. After the trial judge informed her that adjudication cannot be deferred on a not-guilty plea, Jones entered pleas of *nolo contendere* to each indictment, with a caveat that purportedly excluded the element of intent to defraud or harm another. After a bench trial, in which the arresting officer and Tiffani Collier testified, the trial judge placed Jones on deferred adjudication for a term of two years.

Jones raised two issues on appeal. First, she claimed that the trial court erred in denying her plea to the jurisdiction. In support of her claim, Jones reasserted that fraudulent use or possession of identifying information (Texas Penal Code § 32.51(b)), a state jail felony, and failure to identify (Texas Penal Code § 38.02(b)), a class B misdemeanor, were *in pari materia* and thus she should have been charged under § 38.02(b), the more lenient statute. The court of appeals rejected this argument, holding that these two statutes are not *in pari materia* because they have different purposes, require different elements of proof, and carry different penalties.[1] Second, Jones claimed the evidence adduced at trial was insufficient to support her convictions under Texas Penal Code § 32.51, particularly with regard to the element requiring intent to defraud or harm another. In its analysis of this issue,

---

[1] *Jones v. State*, Nos. 05-10-01561-CR and 05-10-01562-CR, 2012 Tex. App. Lexis 785, at *5–6 (Tex. App.—Dallas Jan. 31, 2012) (mem. op., not designated for publication).

the court of appeals applied the sufficiency standard set forth in *Ex parte Martin*,[2] which applies to sufficiency claims in cases involving pleas of *nolo contendere* and guilty.[3] The court of appeals rejected Jones's sufficiency claim after interpreting *Martin* to require only that "the State introduce[] evidence embracing every essential element of the charged offenses . . . sufficient to establish the defendant's guilt" and finding that the standard had been met.[4] We granted Jones's petition for discretionary review to determine whether (1) the statutes in question are *in pari materia* and (2) the court of appeals applied the proper standard of review to Jones's sufficiency claim.

## II. Analysis

### A. *In Pari Materia*

The doctrine of *in pari materia* is a rule of statutory construction that seeks to carry out the Legislature's intent.[5] Statutes are *in pari materia* when they "deal with the same general subject, have the same general purpose, or relate to the same person or thing or class of persons and things," though we have previously made clear that the statutes' purposes are

---

[2] *Ex parte Martin*, 747 S.W.2d 789 (Tex. Crim. App. 1988) (op. on reh'g).

[3] *Ex parte Martin*, 747 S.W.2d 789 (Tex. Crim. App. 1988) (op. on reh'g).

[4] *Jones*, Nos. 05-10-01561-CR and 05-10-01562-CR, 2012 Tex. App. Lexis 785 at *7–8.

[5] *Mills v. State*, 722 S.W.2d 411, 413 (Tex. Crim. App. 1986).

the most significant factors.[6]

The doctrine arises "where one statute deals with a subject in comprehensive terms and another deals with a portion of the same subject in a more definite way."[7] In the context of penal provisions in particular, "this Court has on a number of occasions found two statutes to be *in pari materia* . . . where one provision has broadly defined an offense, and a second has more narrowly hewn another offense, complete within itself, to proscribe conduct that would otherwise meet every element of, and hence be punishable under, the broader provision."[8] This Court has made clear, however, that "[t]he adventitious occurrence of like or similar phrases, or even of similar subject matter, in laws enacted for wholly different ends will not justify applying the rule."[9]

When two statutes are *in pari materia*, the doctrine requires that the statutes be "taken, read, and construed together, each enactment in reference to the other, as though they were parts of one and the same law."[10] To that end, "[a]ny conflict between their provisions will be harmonized, if possible, and effect will be given to all the provisions of each act if they

---

[6] *Azeez v. State*, 248 S.W.3d 182, 191 (Tex. Crim. App. 2008); *Alejos v. State*, 555 S.W.2d 444, 450 (Tex. Crim. App. 1977) (quoting 2A C. DALLAS SANDS ET AL, STATUTES AND STATUTORY CONSTRUCTION § 51.03, at p. 298 (4th ed., 1973 & Supp.))

[7] *Azeez*, 248 S.W.3d at 192.

[8] *Id.*

[9] *Alejos*, 555 S.W.2d at 450 (quoting 53 Tex. Jur. 2d, Statutes § 186 (1964)).

[10] *Azeez*, 248 S.W.3d at 192.

can be made to stand together and have concurrent efficacy."[11]   Where such statutes irreconcilably conflict, however, "the more detailed enactment . . . will prevail, regardless of whether it was passed prior to or subsequently to the general statute, unless it appears that the legislature intended to make the general act controlling."[12]   Further, such conflict implicates due process rights that require the State to prosecute the defendant under the special statute where two statutes are *in pari materia*.[13]

Under Texas Penal Code § 32.51(b), a person commits the offense of fraudulent use or possession of identifying information if:

> the person, with the intent to harm or defraud another, obtains, possesses, transfers, or uses an item of: (1) identifying information of another person without the other person's consent; or (2) information concerning a deceased natural person, including a stillborn infant or fetus, that would be identifying information of that person were that person alive, if the item of information is obtained, possessed, transferred, or used without legal authorization; or (3) identifying information of a child younger than 18 years of age.

Under Texas Penal Code § 38.02(b), a person commits the offense of failure to identify if:

---

[11]  *Id*.

[12]  *Id*.

[13]  *Ex parte Smith*, 185 S.W.3d 887, 892 (Tex. Crim. App. 2006); *see* TEX. GOV'T CODE § 311.026 ("(a) If a general provision conflicts with a special or local provision, the provision shall be construed, if possible, so that effect is given to both.  (b) If the conflict between the general provision and the special or local provision is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail.")

he intentionally gives a false or fictitious name, residence address, or date of birth to a peace officer who has: (1) lawfully arrested the person; (2) lawfully detained the person; or (3) requested the information from a person that the peace officer has good cause to believe is a witness to a criminal offense.

First, we note that the statutes appear to be aimed at different classes of people. While § 32.51 applies broadly to anyone who, with intent to harm or defraud another, obtains, possesses, transfers, or uses the identifying information of another, § 38.02(b)(1)–(3), by its elements, applies only to those who have been lawfully arrested or detained by the police or who are believed by police to have witnessed a crime. Section 38.02, then, applies to a much narrower class of persons than § 32.51. Put another way, the unique circumstances surrounding the conduct separates the two statutes.

Second, the plain language and placement of each statute in the Penal Code indicate that § 32.51 and § 38.02 do not have the same subject or purpose. The plain language of § 32.51 suggests that the subject of that statute is the use of another's identifying information without permission. The plain language of § 38.02, on the other hand, suggests that the subject of that statute is the act of providing police officers with false identification. The statutes' plain language further demonstrates that the purposes of the two statutes are sufficiently dissimilar. The purpose of § 32.51 is to prevent identity theft. This statute's placement within Title 7 of the Penal Code, entitled "Offenses Against Property" indicates the statute is property-centric. More specifically, its inclusion within Chapter 32, Sub-Chapter D, entitled "Fraud" and "Other Deceptive Practices," respectively, is indicative of the fact that this offense is intended to prevent fraudulent practices. The purpose of § 38.02,

on the other hand, is to ensure that officer's receive accurate information by criminalizing the act of providing law enforcement with false identification. Here, too, an examination of the placement of the statute within the Penal Code is informative. Section 38.02 is located in Chapter 38, entitled "Obstructing Governmental Operation," of Title 8, entitled "Offenses Against Public Administration."

Also relevant is the fact that neither offense appears to be a "more narrowly hewn" version of the other, as is generally the case where two penal statutes are *in pari materia*.[14] This is because each offense contain elements that the other does not. Section 32.51 requires an intent to defraud or harm another, while § 38.02 includes no such requirement. Section 32.51 also requires that the name used be that of a real person, while under § 32.51, the false name can be entirely fictional. Section 38.02 requires that the misinformation be conveyed during an arrest or detention or in circumstances leading a police officer to believe that the person conveying the misinformation is a witness to a criminal offense.

Finally, because the *in pari materia* doctrine seeks to give full effect to legislative intent, § 32.51(e) is the most authoritative proof that the Legislature did not intend to limit the State to prosecution under § 38.02 in circumstances in which §32.51 is equally applicable. Subsection (e) of § 32.51 states that "[i]f conduct that constitutes an offense under this section also constitutes an offense under any other law, the actor may be

---

[14] *Azeez*, 248 S.W.3d at 192.

prosecuted under this section, the other law, or both."[15]  This manifests the clear intent of the Legislature to allow prosecution under this section or any other relevant section of the Penal Code, seemingly despite any potential conflict between statutes.  Here, the Legislature made its intent clear.  To ignore this subsection would be to disregard that intent, contrary to the very purpose of the doctrine of *in pari materia*.

Given that § 32.51 and § 38.02 have different subjects and purposes and are aimed at different groups of people, it is clear that the two are not *in pari materia*, particularly in light of § 32.51(e).  The court of appeals correctly held that the doctrine of *in pari materia* did not preclude Jones's prosecution under § 32.51.

## B.  Applicable Sufficiency Standard

Upon further review of the record, we conclude that review of Jones's second issue, in which she asserts the court of appeals applied an improper standard of review, was improvidently granted.

The court of appeals's judgment is affirmed.

DATE DELIVERED: April 17, 2013

PUBLISH

---

[15]  TEX. PENAL CODE § 32.51(e).