

# IN THE
# TENTH COURT OF APPEALS

## No. 10-13-00047-CR

**JOSEPH GLEN DAUBEN,**

               **Appellant**

 **v.**

**THE STATE OF TEXAS,**

               **Appellee**

---

### From the 40th District Court
### Ellis County, Texas
### Trial Court No. 6560CR

---

## MEMORANDUM OPINION

---

Joseph Glen Dauben was convicted of Fraudulent Use or Possession of Identifying Information and sentenced to one year in a state jail facility with a $2,400 fine. TEX. PENAL CODE ANN. § 32.51 (West Supp. 2013). His sentence and fine were suspended and he was placed on community supervision for five years. Because the trial court erred in assessing attorney's fees but did not err in failing to grant Dauben's

motion for a directed verdict, the assessment of attorney's fees is deleted from the judgment and trial court's judgment is affirmed as modified.

**BACKGROUND**

Dauben operated an internet "newspaper" in Ellis County, Texas, called the Ellis County Observer. In 2011, Dauben interviewed Kristen Spencer who accused her ex-husband, Christopher Buchert, of sexually abusing their children.[1] With only the ex-wife's permission, Dauben published, with the interview, Buchert's full name, date of birth, and place of employment on the Observer's website. Dauben also suggested, encouraged, and promised violence against Buchert in comments posted to the story. Buchert had been investigated and cleared of wrongdoing by the Red Oak Police Department before the story was posted to the Observer's website. Buchert testified that his reputation had been harmed and that he feared harm to himself and his family. Further, police patrols were increased around Buchert's residences to protect Buchert and his family. Although Dauben issued an apology after being threatened with a civil lawsuit and the Observer website had been shut down, the accusations would still appear if Buchert's name was "Googled."

---

[1] We use the victim's full name herein as a means to reiterate the Red Oak Police Department's clearing the victim of the conduct with which his ex-wife accused him. The record further indicates that the ex-wife, Kristen Spencer, was charged with making a false police report but does not reveal the result of that charge.

## SUFFICIENCY OF THE EVIDENCE

In his first issue, Dauben contends the trial court erred in failing to grant a directed verdict for Dauben because "the evidence as presented by the State, taken as true, does not constitute a criminal act under Texas law."

We review a challenge to the denial of a motion for directed verdict as a challenge to the legal sufficiency of the evidence. *Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996). The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the

prosecution and therefore defer to that determination. *Jackson v. Virginia*, 443 U.S. 307, 326, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

As it pertains to the offense as charged in this case, a person commits the offense of fraudulent use or possession of identifying information if the person, with the intent to harm another, uses an item of identifying information of another person without the other person's consent. TEX. PENAL CODE ANN. § 32.51(b)(1) (West Supp. 2013). At the time this offense occurred, "identifying information" meant information that alone or in conjunction with other information identifies a person, including a person's name and social security number, date of birth, or government issued identification number. Act of June 15 2007, 80th Leg., R.S., ch. 1173, 2007 Tex. Gen. Laws 4012 (amended 2011) (current version at TEX. PENAL CODE ANN. § 32.51(a)(1)(A) (West Supp. 2013)).

Relying solely on the Court of Criminal Appeals' opinion in *Jones v. State* for the proposition that the purpose of section 32.51 is identity theft which centers around loss of property, Dauben argues the evidence was insufficient because there was no

evidence of an attempt to commit a fraudulent act or an attempt to control or convert property by Dauben. *See Jones v. State*, 396 S.W.3d 558 (Tex. Crim. App. 2013). We disagree with Dauben's proposition.

Although the Court in *Jones* said that the purpose of section 32.51 is to prevent identity theft and that its placement within Title 7 of the Penal Code, entitled "Offenses Against Property" indicates the statute is "property-centric," it made this determination while performing an *in pari materia* analysis[2], comparing section 32.51 with the failure to identify statute, section 38.02. *Id*. It did not, however, hold that identity theft and conversion or control of property is the only means by which a person may be convicted under section 32.51. In *Jones*, the defendant had been stopped for speeding and gave the name and date of birth of a high school classmate, in whose name the ticket was issued. When the classmate was informed later by the police department that a warrant had been issued for her arrest due to her failure to pay a ticket she never received, it was determined that the defendant had used the classmate's name. The defendant, on appeal, claimed that she should have been charged with failure to identify because it was *in pari materia* with section 32.51 and had the lesser punishment. The Dallas Court of Appeals and the Court of Criminal Appeals disagreed with the defendant and each held that the statutes were not *in pari materia*.

---

[2] *In pari materia* is a rule of statutory construction where, in the context of penal provisions, one provision has broadly defined an offense and a second has more narrowly defined another offense, complete within itself, to proscribe conduct that would otherwise meet every element of, and be punishable under, the broader provision. *Jones*, 396 S.W.3d at 561.

Here, Dauben was charged with using Buchert's identifying information without his permission with the intent to harm Buchert. We construe a statute to give effect to its plain meaning, unless that statutory language is ambiguous or would lead to absurd results. *Reed v. State*, 268 S.W.3d 615, 617 (Tex. Crim. App. 2008). The word harm is defined by the Penal Code as "anything reasonably regarded as loss, disadvantage, or injury, including harm to another person in whose welfare the person affected is interested." TEX. PENAL CODE ANN. § 1.07(25) (West Supp. 2013). And, just as there is no requirement that harm be of a physical nature, there is no requirement that harm be of a pecuniary nature. *See Hudspeth v. State*, 31 S.W.3d 409, 411 (Tex. App.—Amarillo 2000, pet. ref'd) (no requirement of physical harm); *see also White v. State*, No. 14-05-00454-CR, 2006 Tex. App. LEXIS 8396, *6-7 (Tex. App.—Houston [14th Dist.] Sept. 28, 2006, pet. ref'd) (not designated for publication) (no requirement of physical or pecuniary harm). Further, the statute is not limited to a "fraudulent use" of the information. A person commits an offense under section 32.51 if the person, with the intent to *harm <u>or</u> defraud* another, obtains, possesses, transfers, or uses an item of identifying information of another person without the other person's consent. TEX. PENAL CODE ANN. § 32.51(b)(1) (West Supp. 2013) (emphasis added).

The plain language of section 32.51 suggests that the subject of that statute is the use of another's identifying information without permission. *Jones v. State*, 396 S.W.3d 558, 562 (Tex. Crim. App. 2013). Had the legislature wanted to limit the statute to only

fraudulent use of identifying information which harmed the victim in only a pecuniary manner, it could have easily limited the statute. *See Reed v. State*, 268 S.W.3d 615, 618 (Tex. Crim. App. 2008) ("The legislature's choice not to include such language, which could have easily been added to the statute, indicates the legislature's intent not to bring such conduct within the purview of this offense."). Thus, we cannot conclude that the language of the statute regarding use of identifying information with the intent to harm is ambiguous or that a construction that this type of action by a person is a criminal offense leads to an absurd result.

Accordingly, after reviewing the evidence in the light most favorable to the verdict, we determine, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found beyond a reasonable doubt that Dauben, with the intent to harm Christopher Buchert, used an item of identifying information of Buchert without Buchert's consent. Dauben's first issue is overruled.

## ATTORNEY'S FEES

In his second issue, Dauben complains that the trial court erred in assessing attorney's fees in the judgment because there was no evidence that Dauben's finances had undergone a material change since he was determined to be indigent during the underlying proceedings. The State agrees that the evidence was insufficient in this regard. In accordance with the opinion of the Court of Criminal Appeals in *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010), we agree that the evidence was

insufficient and the judgment should be modified to delete this assessment. Dauben's second issue is sustained.

## CONCLUSION

The evidence was insufficient for the trial court to have assessed attorney's fees in the judgment, therefore, that assessment is deleted and the judgment is modified to show that the amount of costs owed by Dauben is $799.00 for court costs and no attorney's fees. Having found no other reversible error, we affirm the trial court's judgment as modified.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed as modified
Opinion delivered and filed June 5, 2014
Do not publish
[CR25]