**Opinion issued January 29, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00031-CR

———————————

**JOSHUA J. HOLLOWAY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 182nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1366751**

## MEMORANDUM OPINION

Appellant Joshua J. Holloway pleaded guilty to attempting to obtain a controlled substance, hydrocodone, through use of a fraudulent prescription, after the trial court denied his motion to quash the indictment based upon the doctrine of *in pari materia*. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.129(a)(5)(B) (West

Supp. 2014). Holloway argues that the trial court erred in refusing to quash the indictment because the State improperly charged him under the Texas Controlled Substances Act, *see generally* TEX. HEALTH & SAFETY CODE ANN. ch. 481 (West 2010 & Supp. 2014), instead of the Texas Dangerous Drug Act, *see generally* TEX. HEALTH & SAFETY CODE ANN. ch. 483 (West 2010 & Supp. 2014), which carries a lower penalty. We affirm.

## Background

In September 2012, Holloway presented a prescription for 150 units of Lortab (hydrocodone) to a pharmacist at a Walgreens in Baytown, Texas. The prescription purported to be authorized by Mansour R. Sanjar, M.D., but the pharmacist observed that the authorizing signature was not consistent with Sanjar's previous signatures. She contacted Sanjar and learned that Sanjar had not authorized the prescription.

Holloway was charged with attempting to obtain a controlled substance, hydrocodone, through use of a fraudulent prescription, a third-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.129(a)(5)(B), (d)(2) (West Supp. 2014). Holloway moved to quash the indictment based upon the doctrine of *in pari materia*. He argued that he should have been charged with a misdemeanor under Section 483.045 of the Dangerous Drug Act, instead of a felony under Section 481.129 of the Controlled Substances Act. He argued that both statutes prohibited

2

attempting to procure hydrocodone by fraudulent prescription, but that the Dangerous Drug Act was more specific, and therefore the State was required to charge him under it.

At the hearing on the motion to quash, the State responded that hydrocodone is covered only under the Controlled Substances Act. The trial court denied the motion to quash, and Holloway pleaded guilty to attempting to obtain a controlled substance by fraudulent prescription and true to two enhancement paragraphs. The trial court accepted Holloway's guilty plea, found the enhancements true, and sentenced Holloway to six years' confinement, deferred for six years, and a $500 fine.

## Discussion

In his sole point of error, Holloway contends that the trial court erred by denying his motion to quash the indictment based upon the doctrine of *in pari materia*. Holloway contends that he should have been charged under the Dangerous Drug Act, *see* TEX. HEALTH & SAFETY CODE ANN. § 483.045 (West 2010), rather than the Controlled Substances Act, *see* TEX. HEALTH & SAFETY CODE ANN. § 481.129.

## A. Standard of Review

We review the denial of a motion to quash an indictment de novo. *Lawrence v. State*, 240 S.W.3d 912, 915 (Tex. Crim. App. 2007). "The doctrine of *in pari*

*materia* is a rule of statutory construction that seeks to carry out the Legislature's intent." *Jones v. State*, 396 S.W.3d 558, 561 (Tex. Crim. App. 2013). Statutes are *in pari materia* when they "deal with the same general subject, have the same general purpose, or relate to the same person or thing or class of persons and things." *Id.* (quoting *Azeez v. State*, 248 S.W.3d 182, 191 (Tex. Crim. App. 2008)). A list of four non-exclusive factors may be considered in determining whether the statutes are *in pari materia*, namely, whether the statutes: (1) involve different penalties; (2) are contained in the same legislative act; (3) require the same elements of proof; and (4) were intended to achieve the same purpose or objective. *Burke v. State*, 28 S.W.3d 545, 547 (Tex. Crim. App. 2000) (quoting *Alejos v. State*, 555 S.W.2d 444, 449 (Tex. Crim. App. 1977) (op. on reh'g)). "Similarity of purpose or object is the most important factor in assessing whether two provisions are *in pari materia*." *Id.*

When two statutes are *in pari materia*, the doctrine requires that the statutes be "taken, read, and construed together, each enactment in reference to the other, as though they were parts of one and the same law." *Jones*, 396 S.W.3d at 561 (quoting *Azeez*, 248 S.W.3d at 192). "To that end, '[a]ny conflict between their provisions will be harmonized, if possible, and effect will be given to all the provisions of each act if they can be made to stand together and have concurrent efficacy.'" *Id.* at 561–62 (quoting *Azeez*, 248 S.W.3d at 192); *see also* TEX. GOV'T

4

CODE ANN. § 311.026(a) (West 2013) (if general provision conflicts with special provision, they shall be construed so that effect is given to both if possible). "Where such statutes irreconcilably conflict, however, 'the more detailed enactment . . . will prevail, regardless of whether it was passed prior to or subsequently to the general statute, unless it appears that the legislature intended to make the general act controlling.'" *Jones*, 396 S.W.3d at 562 (quoting *Azeez*, 248 S.W.3d at 192); *see also* TEX. GOV'T CODE ANN. § 311.026(b) (West 2013) (if provisions irreconcilably conflict, special provision prevails unless general provision is later enactment and the manifest intent is that the general provision prevail). "Further, such conflict implicates due process rights that require the State to prosecute the defendant under the special statute where two statutes are *in pari materia*." *Jones*, 396 S.W.3d at 562 (citing *Ex parte Smith*, 185 S.W.3d 887, 892 (Tex. Crim. App. 2006)).

## B.    Applicable Law

### 1.    Controlled Substances Act

A "controlled substance" means "a substance, including a drug, an adulterant, and a dilutant, listed in Schedules I through V or Penalty Groups 1, 1-A, or 2 through 4" of the Health and Safety Code. TEX. HEALTH & SAFETY CODE ANN. § 481.002(5) (West Supp. 2014). "Controlled substances listed in Schedules I through V and Penalty Groups 1 through 4 are included by whatever official,

5

common, usual, chemical, or trade name they may be designated." *Id.* § 481.031 (West 2010). Hydrocodone is listed under Penalty Groups 1 and 3, and was listed under Schedule III at the time of Holloway's conviction.[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.102(3)(A) (West 2010) (Penalty Group 1 includes "hydrocodone not listed in Penalty Group 3"); § 481.104(a)(4) (West Supp. 2014) (Penalty Group 3 includes "a material, compound, mixture, or preparation containing . . . not more than 300 milligrams of dihydrocodeinone (hydrocodone), or any of its salt," in certain formats); § 481.032 (West Supp. 2013) (hydrocodone is Schedule III drug; effective before October 2014).

As applicable here, a person commits an offense under the Controlled Substances Act if he knowingly attempts to possess or obtain a controlled substance through use of a fraudulent prescription form. TEX. HEALTH & SAFETY CODE ANN. § 481.129(a)(5)(B). This offense is a third-degree felony if the substance is listed in Schedule III of the Health & Safety Code. *Id.* § 481.129(d).

### 2. Dangerous Drug Act

"'Dangerous drug' means a device or a drug that is unsafe for self-medication and that is not included in Schedules I through V or Penalty Groups 1 through 4 of Chapter 481 (Texas Controlled Substances Act)." TEX. HEALTH &

---

[1] Effective October 2014, hydrocodone became a Schedule II drug. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.032 (West Supp. 2014) (hydrocodone is Schedule II drug).

SAFETY CODE ANN. § 483.001(2) (West Supp. 2014). A person commits an offense under the Dangerous Drug Act if the person, among other things, "obtains or attempts to obtain a dangerous drug by using a forged, fictitious, or altered prescription." *Id.* § 483.045(a)(3) (West 2010). This offense is a Class B misdemeanor unless the defendant has previously been convicted of an offense under the Dangerous Drug Act, in which event the offense is a Class A misdemeanor. *Id.* § 483.045(b) (West 2010).

## C.    Analysis

We conclude that Section 483.045 of the Dangerous Drug Act and Section 481.129 of the Controlled Substances Act are not *in pari materia* as Holloway argues. The Legislature explicitly stated that "dangerous drugs" governed by the Dangerous Drug Act include only drugs "not included in Schedules I through V or Penalty Groups 1 through 4 of Chapter 481," the Controlled Substances Act. TEX. HEALTH & SAFETY CODE ANN. § 483.001(2). Hydrocodone is included in Penalty Groups 1 and 3 of the Controlled Substances Act, and was included on Schedule III at the time of Holloway's conviction. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(3)(A), 481.104(a)(4) & 481.032 (West Supp. 2013). Thus, hydrocodone is not a "dangerous drug" covered by the Dangerous Drug Act. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 483.001(2), 481.102(a)(3)(A), 481.104(a)(4) & 481.032 (West Supp. 2013).

Because the State could not have properly charged Holloway under the Dangerous Drug Act, we reject Holloway's contention that the two statutes are *in pari materia*, and we hold that the trial court did not err in denying Holloway's motion to quash the indictment. *See Hollin v. State*, 227 S.W.3d 117, 122 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd) (because statutes were not *in pari materia*, trial court did not err in denying motion to quash indictment).

## Conclusion

We affirm the trial court's judgment.


Rebeca Huddle
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).