

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-90,536-02

### EX PARTE DEREK ANDREW BODDEN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W14-52852-N(B) IN THE 283RD DISTRICT COURT
### OF DALLAS COUNTY

SLAUGHTER, J., delivered the opinion of the Court in which KELLER, P.J., HERVEY, RICHARDSON, NEWELL, KEEL, and MCCLURE, JJ., joined. YEARY and WALKER, JJ., concurred.

## O P I N I O N

In this case we consider the proper application of Penal Code Section 32.51, the statute defining the offense of fraudulent use or possession of identifying information. *See* TEX. PENAL CODE § 32.51. The statute provides that it is an offense to, with the intent to harm or defraud another, obtain, possess, transfer, or use an "item of identifying information" of another person without that person's consent. *Id*. § 32.51(b)(1). The statute then sets forth various offense levels depending on the number of such "items" of

identifying information used or possessed by the defendant. *Id.* § 32.51(c)(1)–(4) (setting forth offense levels ranging from state-jail felony to first-degree felony).

In 2014, Derek Andrew Bodden, Applicant, pleaded guilty to first-degree felony fraudulent use or possession of 50 or more items of identifying information. *See id.* § 32.51(c)(4) (providing that the offense is a first-degree felony "if the number of items obtained, possessed, transferred, or used is 50 or more"). But in 2022, he filed the instant application for a post-conviction writ of habeas corpus challenging his conviction on the basis that he, in fact, possessed fewer than 50 items of identifying information, and thus he is "guilty only" of a lesser second-degree felony offense. Applicant also contends that, based on his misunderstanding of the law in relation to the facts, his plea to the greater first-degree felony offense was unknowing and involuntary.

We filed and set the application to determine: (1) the appropriate method for counting the number of "items" of identifying information possessed by a defendant under the applicable version of Penal Code Section 32.51; (2) whether Applicant's conviction for first-degree felony fraudulent use or possession of 50 or more items of identifying information violates due process because he is guilty only of the lesser second-degree felony offense for possessing between 10 and 50 such items[1]; and (3) whether Applicant's plea of guilty to the charged first-degree felony offense was knowingly and voluntarily entered.

---

[1] *See* TEX. PENAL CODE § 32.51(c)(3).

After analyzing the relevant statutory requirements, and after applying the correct counting method to the facts of this case, we conclude that the fraudulently possessed items of identifying information that were listed in the indictment to which Applicant pled guilty amounted to more than 10, but fewer than 50. Therefore, the offense alleged in the indictment, on its face, constitutes a second-degree felony rather than a first-degree felony. *See id.* § 32.51(c)(3) (providing that an offense under this section is "a felony of the second degree if the number of items obtained, possessed, transferred, or used is 10 or more but less than 50").[2] Accordingly, Applicant's plea to the charged offense cannot support a first-degree felony conviction, and he is entitled to relief on due process grounds. We reform the judgment to reflect a conviction for second-degree fraudulent use or possession of identifying information, and we remand this cause to the trial court for a new punishment hearing. Because Applicant is entitled to relief on due process grounds, we need not reach the question of whether Applicant's plea to the first-degree felony offense was unknowing and involuntary under these circumstances.

## I.    Background

On March 5, 2014, two police officers stopped Applicant for driving with an expired vehicle inspection sticker. Upon approaching Applicant's car, the officers detected the odor

---

[2] As we discuss further below, the record in this case reflects that Applicant possessed additional personal information for the victims that the State did not allege in the indictment. Had the State included all of the items found in Applicant's possession in its indictment, and had Applicant pled guilty to the complete list of items, then it is possible that the items would have amounted to 50 or more items, thereby making Applicant guilty of a first-degree felony. Nevertheless, because we find it inappropriate to consider the collected evidence that the State failed to include in the indictment under these circumstances, the unalleged evidence is not included in our analysis.

of marijuana emanating from inside the car. Applicant informed the officers that he possessed a small amount of marijuana. The officers then ordered Applicant to step out of the car, and they proceeded to search it. During the ensuing search, the officers found more marijuana in the trunk, as well as a firearm and drug paraphernalia. They also found numerous documents containing personal information for various individuals, including names, social security numbers, birth dates, addresses, driver's license numbers, and financial institution account numbers. The officers arrested Applicant for drug possession, as well as for fraudulent use or possession of identifying information.

A grand jury indicted Applicant for first-degree felony fraudulent use or possession of 50 or more items of identifying information. *See* TEX. PENAL CODE § 32.51(b), (c)(4).[3] Specifically, the State's indictment alleged that Applicant, with the intent to harm and defraud another, "obtain[ed] and possess[ed] and transfer[red]" 50 or more "items" of identifying information belonging to 16 named individuals without their consent. The indictment contained five paragraphs, each alleging that Applicant possessed a different type of identifying information for the specified individuals:[4]

---

[3] Applicant was also charged for felony marijuana possession. He later pleaded guilty to that offense and received community supervision with deferred adjudication. Upon his subsequent revocation for that offense, he received a sentence of 10 years' imprisonment. That conviction and sentence are not at issue in this habeas proceeding.

[4] The indictment read, in relevant part:

> That [Applicant], hereinafter called Defendant, on or about the 5th day of March, 2014, and before the presentment of this Indictment, in the County of Dallas, State of Texas, did unlawfully then and there with intent to harm and defraud another, and without the effective consent of [ten named individuals] obtain and possess and transfer identifying information of said complainants, to-wit: NAME & DATE OF BIRTH,

- The names and dates of birth of ten named individuals;

- The government-issued identification numbers of four named individuals;

- The financial institution account numbers of ten named individuals;

- The social security numbers of eight named individuals; and

- The addresses of twelve named individuals.

Adding up the items, it is apparent that, to reach the "50 or more item" threshold necessary to support a first-degree felony charge, the State was counting each complainant's "name and date of birth" as two separate items of identifying information, for a total of 20 items in that category. The items alleged in the remaining categories (government-issued identification number, financial institution account number, social security number, and address) were each counted once for each named complainant, constituting an additional

---

and further, said defendant did unlawfully then and there with intent to harm and defraud another, and without the effective consent of [four named individuals] obtain and possess and transfer identifying information of said complainants, to-wit: GOVERNMENT ISSUED IDENTIFICATION NUMBER;

and further, said defendant did unlawfully then and there with intent to harm and defraud another, and without the effective consent of [ten named individuals] obtain and possess and transfer identifying information of said complainants, to-wit: FINANCIAL INSTITUTION ACCOUNT NUMBER

and further, said defendant did unlawfully then and there with intent to harm and defraud another, and without the effective consent of [eight named individuals] obtain and possess and transfer identifying information of said complainants, to-wit: SOCIAL SECURITY NUMBER

and further, said defendant did unlawfully then and there with intent to defraud and harm another, and without the effective consent of [twelve named individuals] obtain and possess and transfer identifying information of said complainants, to-wit: ADDRESS

34 items. Based on this counting method, the indictment purportedly alleged that Applicant possessed a total of 54 items of identifying information.

On June 13, 2014, Applicant pleaded guilty to the charged offense. Pursuant to a plea agreement, the trial court placed Applicant on community supervision with deferred adjudication for a period of five years and imposed a $2,000 fine.[5] Less than a year later, however, the State filed a motion to revoke. Following a hearing on April 4, 2015, the trial court revoked Applicant's community supervision, adjudicated him guilty, and sentenced him to 18 years' imprisonment.

In 2019, the Dallas County District Attorney's Office conducted an internal audit of Applicant's case. That process ultimately led the District Attorney's office to conclude that there had been an "error" in the charging and prosecution of Applicant's case. After examining the evidence and the requirements of Penal Code Section 32.51, the State represented in a letter to Applicant's counsel that "it has been determined that Mr. Bodden possessed less than fifty (50) pieces of identifying information belonging to another." The letter indicated that Applicant's possession of between 10 and 50 items of identifying information would subject him to only a second-degree felony charge under Penal Code Section 32.51.

---

[5] Applicant's conviction was in the 195th Judicial District Court of Dallas County. Based on a recusal, this matter was transferred to the 283rd District Court.

Applicant then filed the instant application for a post-conviction writ of habeas corpus.[6] He argues, in two issues, that: (1) his conviction violates due process because he is guilty only of a second-degree felony for fraudulently possessing between 10 and 50 items of identifying information, *see* TEX. PENAL CODE § 32.51(c)(3), and (2) his plea to the first-degree felony charge was unknowing and involuntary because, at the time of his plea, he was operating under the mistaken belief that he possessed more than 50 items of identifying information. The State filed a response in which it agreed that Applicant is entitled to relief on either ground. The habeas court has not made any recommendation or findings of fact in this case.

We filed and set the case to determine: (1) the appropriate method for counting the number of "items" of identifying information possessed by a defendant under the 2013 version of Penal Code Section 32.51; (2) whether Applicant's conviction for first-degree felony fraudulent use or possession of identifying information violates due process; and (3) whether Applicant's plea of guilty was knowingly and voluntarily entered.

## II.    Analysis

The appropriate method for counting the "items" of identifying information possessed by a defendant is a question of law that turns on the meaning of Penal Code

---

[6] Though designated as the -02 application, this is not a subsequent habeas application. Applicant previously filed an -01 habeas application seeking permission to file an out-of-time direct appeal. This Court granted Applicant relief. *Ex parte Bodden*, No. WR-90,536-01, 2020 WL 913294 (Tex. Crim. App. Feb. 26, 2020). Applicant then filed an out-of-time direct appeal, but he later filed a motion for voluntary dismissal of the appeal while it was still pending, which the court of appeals granted. *Bodden v. State*, No. 05-20-00405-CR, 2021 WL 247966 (Tex. App.—Dallas Jan. 26, 2021) (mem. op., not designated for publication). Applicant subsequently filed the instant application challenging his conviction on the merits on due process and involuntary-plea grounds.

Section 32.51. After examining the statutory language, and after applying the correct counting method to the allegations set forth in the indictment, we conclude that the indicted offense is a second-degree felony on its face. Properly counted, the items of identifying information listed in the indictment numbered between 10 and 50—not 50 or more items as the State originally believed it had alleged. Thus, as a matter of due process, Applicant's conviction for a first-degree felony cannot stand under this indictment because the offense to which he pled guilty is only a second-degree felony. *See* TEX. PENAL CODE § 32.51(c)(3); *see also State v. Wilson*, 324 S.W.3d 595, 598 (Tex. Crim. App. 2010) (holding that due process relief is warranted where the record establishes that a defendant is "guilty only of" a lesser-included offense and "ineligible for" the sentence assessed). Regarding the appropriate remedy under these circumstances, we will reform the judgment of conviction to a second-degree felony and remand for a new punishment hearing.

A. **Correct Manner of Counting "Items" of Identifying Information Under Penal Code Section 32.51**

When interpreting a statute, we begin with the literal text of the statute and attempt to discern the fair, objective meaning of that text at the time of its enactment. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). We must presume that every word in a statute has been used for a purpose and that each word, phrase, clause, and sentence should be given effect if reasonably possible. *Watkins v. State*, 619 S.W.3d 265, 272 (Tex. Crim. App. 2021). If the meaning of the text when read using the established canons of construction should have been plain to the legislators who voted on it, we ordinarily give effect to that plain meaning unless doing so would lead to an absurd result that the

Legislature could not possibly have intended. *Boykin*, 818 S.W.2d at 785. If, on the other hand, a statute's plain meaning is ambiguous or would lead to absurd results, then we may consider extra-textual factors. *Id.* at 785-86.

Based on the date of Applicant's conduct, his offense falls under the 2013 version of Penal Code Section 32.51. The statute provides:

(a) In this section:

    (1) "Identifying information" means information that alone or in conjunction with other information identifies a person, including a person's:

        (A) name and date of birth;

        (B) unique biometric data, including the person's fingerprint, voice print, or retina or iris image;

        (C) unique electronic identification number, address, routing code, or financial institution account number;

        (D) Telecommunication identifying information or access device; and

        (E) social security number or other government-issued identification number.

    (2) "Telecommunication access device" means a card, plate, code, account number, personal identification number, electronic serial number, mobile identification number, or other telecommunications service, equipment, or instrument identifier or means of account access that alone or in conjunction with another telecommunication access device may be used to:

        (A) obtain money, goods, services, or other thing of value; or

        (B) initiate a transfer of funds other than a transfer originated solely by paper instrument.

(b) A person commits an offense if the person, with the intent to harm or defraud another, obtains, possesses, transfers, or uses an item of:

(1) identifying information of another person without the other person's consent;

(2) information concerning a deceased natural person, including a stillborn infant or fetus, that would be identifying information of that person were that person alive, if the item of information is obtained, possessed, transferred, or used without legal authorization; or

(3) identifying information of a child younger than 18 years of age.

(b-1) For the purposes of Subsection (b), the actor is presumed to have the intent to harm or defraud another if the actor possesses:

(1) the identifying information of three or more other persons;

(2) information described by Subsection (b)(2) concerning three or more deceased persons; or

(3) information described by Subdivision (1) or (2) concerning three or more persons or deceased persons.

(b-2) The presumption established under Subsection (b-1) does not apply to a business or other commercial entity or a government agency that is engaged in a business activity or governmental function that does not violate a penal law of this state.

(c) An offense under this section is:

(1) a state jail felony if the number of items obtained, possessed, transferred, or used is less than five;

(2) a felony of the third degree if the number of items obtained, possessed, transferred, or used is five or more but less than 10;

(3) a felony of the second degree if the number of items obtained, possessed, transferred, or used is 10 or more but less than 50; or

(4) a felony of the first degree if the number of items obtained, possessed, transferred, or used is 50 or more.

Acts 2013, 83rd Leg., ch. 362 (H.B. 2637), § 2, eff. Sept. 1, 2013 (codified as TEX. PENAL CODE § 32.51).[7, 8]

The statute begins by providing a general definition for what constitutes "identifying information" ("'identifying information' means information that alone or in conjunction with other information identifies a person"), followed by a nonexclusive list of examples of such "identifying information" ("*including* a person's . . ."). TEX. PENAL CODE § 32.51(a)(1). The first item on the list is a person's "name *and* date of birth." *Id.* § 32.51(a)(1)(A) (emphasis added). Notably, this is the only item in the list containing the conjunctive "and" to connect two distinct pieces of information. Thus, Subsection (a)(1)(A) plainly requires that the two pieces of information (name *and* date of birth) be taken together to constitute "identifying information." This is logical because, in isolation, a person's name or date of birth is not unique to that person, but it is highly unusual to share both. The statute acknowledges this reality by requiring that these two pieces of

---

[7] In addition, Subsection (c-1) provides for an increased range of punishment if the offense is committed against an elderly person, or if the offense is committed with the intent to evade sex-offender-registration requirements. TEX. PENAL CODE § 32.51(c-1). That provision is not at issue in this case, and so we do not discuss it further here.

[8] Since the date of Applicant's offense in 2014, the Legislature has enacted a minor amendment to Section 32.51. *See* Acts 2019, 86th Leg., ch. 319 (H.B. 2697), § 2, eff. Sept. 1, 2019. The amendment simply added the words, "or effective consent" to Subsection (b)(1), so that the current version reads, "A person commits an offense if the person, with the intent to harm or defraud another, obtains, possesses, transfers, or uses an item of: identifying information of another person without the other person's consent *or effective consent*[.]" TEX. PENAL CODE § 32.51(b)(1) (emphasis added). Aside from this, the statute remained unchanged from the version in effect on the date of Applicant's offense. Because consent is not an issue in this case, and the two versions of the statute are otherwise identical, we will cite to the current version of the statute for the remainder of our analysis.

information be possessed in conjunction to sufficiently "identif[y] a person" and thus constitute "identifying information." *Id.* § 32.51(a)(1).

The remaining examples in the list, by contrast, do not contain the conjunctive "and" but instead use "or"—for example, a person's "unique biometric data, including the person's fingerprint, voice print, *or* retina *or* iris image," or a person's "social security number *or* other government-issued identification number." *Id.* § 32.51(a)(1)(B), (a)(1)(E) (emphasis added). For these items, unlike the "name and date of birth" example in Subsection (a)(1)(A), the statute does not expressly require that multiple distinct pieces of information be taken together to constitute "identifying information." Instead, through its use of "or," the statute indicates that these pieces of information may, taken on their own, constitute identifying information. Still, to satisfy the general definition for what constitutes "identifying information," any piece of information must "alone or in conjunction with other information identif[y] a person[.]" *Id.* § 32.51(a)(1). So, while some of the items in the list would seem to never require any additional information to identify a person because they are wholly unique to an individual (e.g., fingerprint, retina image, social security number), other items in the list are not so clearcut in constituting standalone identifying information and may require additional information to identify a specific person. This would seem to be particularly true for the examples in Subsections (a)(1)(C) and (a)(1)(D), which pertain to information that identifies a person's financial or electronic accounts. *See id.* § 32.51(a)(1)(C) (providing that identifying information includes a person's "unique electronic identification number, address, routing code, or financial institution account number"), (a)(1)(D) (referencing a person's "telecommunication

identifying information or access device"). For these types of identifying information, the actor would likely have to possess more than one distinct piece of information to identify the victim's unique account before that information could be said to "identify a person"—for example, a bank name or generic routing number would not generally identify a person's account, without more. That type of information might also require the account holder's name or their account number to actually identify a person and to then constitute a single piece of identifying information.

Turning to the prohibited conduct, Subsection (b) incorporates the foregoing definition for "identifying information" and provides that it is an offense to, with the "intent to harm or defraud another," "obtain[ ], possess[ ], transfer[ ], or use[ ] *an item of identifying information*" of another person without the other person's consent or effective consent. *Id.* § 32.51(b)(1) (emphasis added). And Subsection (c), in turn, bases the offense level on the number of "items" obtained, possessed, transferred, or used. *Id.* § 32.51(c). In our prior decision in *Cortez v. State*, we determined that "item" in this context means "any single piece of personal, identifying information . . . that alone or in conjunction with other information identifies a person, as opposed to a thing that may contain a group of pieces of information identifying a person, such as a license, credit card, or document." 469 S.W.3d 593, 602 (Tex. Crim. App. 2015). Thus, in *Cortez*, we rejected the defendant's argument that the number of "items" of identifying information should be based on the number of tangible documents possessed or used by a defendant (such as each I.D. card, check, bank statement, social security card, etc.) as opposed to each bit of identifying information appearing in the document. *Id.* Instead, for purposes of counting the number of "items" of

identifying information, we held that it is proper to look to how many items the defendant possessed that meet the statutory definition ("information that alone or in conjunction with other information identifies a person"), regardless of whether those items are contained in a single physical document or multiple separate documents. *Id.* Although *Cortez* was interpreting a prior version of Section 32.51 with a slightly different definition for "identifying information," that prior version of the statute still referred to "items" of identifying information and based the offense level on the number of items possessed by the defendant. *See* Acts 2009, 81st Leg., ch. 670, § 3, eff. Sept. 1, 2009. Therefore, this aspect of our analysis in *Cortez* interpreting the meaning of "item" in this context is applicable here.[9]

---

[9] In the version of Section 32.51 under consideration in *Cortez*, the definition for "identifying information" listed "name *and* social security number, date of birth, *or* government-issued identification number" all together in Subsection (a)(1)(A). Acts 2009, 81st Leg., ch. 670, § 3, eff. Sept. 1, 2009 (emphasis added). The Legislature changed the definition to the current one in 2011 by moving "social security number" and "government-issued identification number" into a new subsection, (a)(1)(E), and connecting them with "or," while keeping "name and date of birth" in Subsection (a)(1)(A). *See* Acts 2011, 82nd Leg., ch. 276 (H.B. 1529), § 1, eff. Sept. 1, 2011. This change had the practical effect of allowing a social security number or government-issued identification number to constitute standalone identifying information, without also requiring a person's name, but "name and date of birth" would still have to be combined to constitute identifying information. *See id.*

Notably, the issue in *Cortez* was different from the issue under consideration here because in *Cortez*, we were not called upon to count the number of items of identifying information possessed by the defendant. Instead, the defendant in *Cortez* complained that the trial court had failed to properly instruct the jury that the phrase "item of identifying information" meant tangible documents, not individual pieces of information that may be contained within a single document. 469 S.W.3d at 597. Given these distinctions, *Cortez*'s relevance is limited to the proposition above—namely, that "item" in this context refers to individual pieces of identifying information, and not each tangible document that might contain multiple pieces of identifying information.

More broadly, in another previous decision we recognized that the Legislature's apparent purpose in enacting Penal Code Section 32.51 was the prevention of identity theft. *Jones v. State*, 396 S.W.3d 558, 562-63 (Tex. Crim. App. 2013). In *Jones*, we noted that the statute's placement within Title 7 of the Penal Code, entitled "Offenses Against Property," indicates that the statute is "property-centric" and signals "that this offense is intended to prevent fraudulent practices." *Id.* This purpose is reflected in the list of examples of identifying information found in Section 32.51(a)(1), which encompasses both true personal information (such as name and date of birth, fingerprint, or social security number), as well as information that would allow someone to access another person's financial or electronic accounts (e.g., bank account information or telecommunications account access information). The possession of either type of information would allow a person to commit identity theft by impersonating the owner of that information—usually for purposes of illicit financial gain. So, to determine whether a particular single piece or combination of information fits within the general definition of identifying information under the statute ("information that alone or in conjunction with other information identifies a person"), we should take into consideration the ability of that information to identify the person (or their personal accounts) in a manner that would allow another person to engage in fraudulent conduct. Stated differently, if the information at issue would *not* be adequate to identify a person or their accounts in a manner that would allow the actor to engage in fraudulent conduct, then we should carefully consider whether the Legislature would have intended to encompass that type of information within the definition of "identifying information" under Section 32.51(a)(1).

Based on the foregoing, the correct method for calculating the number of items of identifying information under Section 32.51 is as follows: We must identify each piece of information the defendant obtained, possessed, transferred, or used that "identifies" another person. TEX. PENAL CODE § 32.51(a)(1), (b)(1). Under the statutory definition for what constitutes "identifying information," each item might consist of a single piece of information that "alone" identifies a person (e.g., a social security number or fingerprint), or it might consist of multiple pieces of information that "in conjunction" identify a person (e.g., "name and date of birth;" a financial account user ID plus password; or a bank account number plus branch location or routing code). For purposes of counting the items of identifying information, it is immaterial whether they are possessed in a single tangible document or in multiple separate documents. Further, the defendant must engage in the conduct (obtaining, possessing, transferring, or using a given "item" of identifying information) while possessing the requisite intent to harm or defraud the other person, and without the other person's consent. Adding up the items of identifying information that meet these requirements will determine the offense level under Subsection (c). *See id.* § 32.51(c)(1)-(4).

**B.    Based on the indictment's allegations, Applicant's offense amounts to a second-degree felony.**

We now turn to the facts of this case. As noted above, the State's indictment charged Applicant with possessing what it believed to be 54 items of identifying information belonging to 16 separate victims. Specifically, the "items" listed in the indictment included: (1) the names of 10 victims; (2) the dates of birth of those same 10 victims; (3) the

government-issued identification numbers of 4 victims; (4) the financial institution account numbers of 10 victims; (5) the social security numbers of 8 victims; and (6) the physical addresses of 12 victims.

The State concedes that it was erroneous for the indictment to allege "name" and "date of birth" as separate items of identifying information because, as noted above, Section 32.51 plainly requires that those pieces of information be possessed together to constitute a single item of "identifying information." *See* TEX. PENAL CODE § 32.51(a)(1)(A). Thus, whereas the indictment alleged that Applicant possessed 20 "items" of identifying information based on the victims' names and dates of birth, this information in fact constituted only 10 items of identifying information. This error alone reduces the number of items alleged in the indictment to 44, which, on its face, is only a second-degree felony. *Id.* § 32.51(c)(3) (providing that it is a second-degree felony to obtain, possess, transfer, or use 10 or more but less than 50 items of identifying information).

The State has also acknowledged what it believes to be additional errors in the indictment in this case. Specifically, the State admits that several of the indictment's listed items were not in evidence. Based on our examination of the record, the State did in fact allege several items that do not appear in the record (the financial institution account numbers of four named victims, and the social security number of one victim). This error further reduces by five items the total number of items properly alleged.

In addition to these errors, the State suggests that it should now "un-count" the remaining six financial institution account numbers alleged in the indictment, as well as some of the physical addresses for the victims, because it believes that the information

Applicant possessed did not sufficiently identify the victims. As to these concessions, we disagree with the State's view of the evidence. Regarding the financial institution account numbers, the State apparently believes that it must disregard Applicant's possession of that information because the account numbers were not accompanied by bank routing numbers. For this proposition, it relies on a passing statement from *Cortez* suggesting that a bank account number requires a corresponding routing number to constitute a single item of identifying information. *See* 469 S.W.3d at 603 (stating that, where the defendant possessed another person's check with fraudulent intent, the victim's "financial-account information, comprising her bank-account number and bank-routing number, would also count as a single 'item' because it is only by combining those two numbers that they become information that 'in conjunction' identifies her"). Even assuming that this portion of *Cortez* would apply here given the distinctions between the two cases, this statement does not mean that a routing number must *always* accompany a person's financial account number to constitute identifying information. Looking to the actual documents in this case, Applicant possessed bank account and debit card numbers that in many instances were contained on official bank letterhead with the branch location, on a formal bank deposit slip, or were otherwise possessed alongside other information that would clearly identify the relevant financial institution. This type of information was sufficient to identify the victim's financial accounts in a manner that would have allowed Applicant to engage in fraudulent conduct, even without a routing number. So, to the extent the State believes a routing number must always accompany a bank account number, even if other information in the defendant's possession would be sufficient to identify a person's bank or financial

accounts for purposes of the actor's intent to engage in harmful or fraudulent conduct, we disagree. We now clarify that the only pertinent inquiry under the statute is whether the piece or pieces of information possessed by the defendant are sufficient to "identif[y] a person" (or, a person's accounts) under the definition for identifying information found in Section 32.51(a)(1).

The State also believes it should "un-count" some of the physical addresses alleged in the indictment because those addresses were unaccompanied by the victims' names. We agree with the State only as to one named victim whose address Applicant did not actually possess. But with respect to the other eleven named victims, Applicant did indeed possess their names and addresses in conjunction, making these items properly alleged.

Therefore, properly counting the items alleged in the indictment, the total number of items is 38:

- The names and dates of birth of 10 victims;

- The government-issued identification numbers (driver's license numbers) of 4 victims;

- The financial institution account numbers of 6 victims;

- The social security numbers of 7 victims; and

- The names and addresses of 11 victims.

We note here that the State acknowledges the existence of some items found in Applicant's possession at the time of his arrest that it did not allege in the indictment. The record of the complete documents found in Applicant's possession shows that the State may have been able to properly charge this offense as a first-degree felony had it alleged

all of the items. But, for purposes of counting the items of identifying information for which Applicant is criminally liable in this case, we hold the State to the allegations it presented in the indictment.[10] We conclude that, because the indictment properly alleged only a second-degree felony based on Applicant's possession of 10 or more but fewer than 50 items of identifying information, he is guilty only of a lesser second-degree felony offense and is entitled to relief on due process grounds. *See Wilson*, 324 S.W.3d at 598-99; TEX. PENAL CODE § 32.51(c)(3).

### C. Remedy

Having concluded that Applicant is entitled to relief on due process grounds, we must decide what remedy is appropriate under the circumstances. Applicant effectively concedes in his pleadings that he is guilty of a second-degree felony for the fraudulent use or possession of between 10 and 50 items of identifying information. *See* TEX. PENAL CODE § 32.51(c)(3). Thus, his only complaint seems to be that he was convicted of and punished for a first-degree felony, when he instead should have been convicted of and punished for a second-degree felony. Indeed, there is nothing in Applicant's pleadings or the record to suggest that he would have changed his mind about pleading guilty in exchange for deferred adjudication had he been properly charged. Therefore, the appropriate remedy

---

[10] In addition to the types of information alleged in the indictment, Applicant also possessed some of the victim's email addresses, phone numbers, and copies or examples of their signatures, among other miscellaneous pieces of information. We take note of these items here because we can conceive of factual situations in which some of these types of information might constitute identifying information under the definition in Section 32.51(a)(1). In any event, because we are resolving this case based solely on the items alleged in the indictment, it is unnecessary for us to count precisely how many unindicted items Applicant possessed that could meet the statutory definition for identifying information.

under these circumstances is to reform Applicant's conviction to the second-degree felony offense to which he would have pleaded guilty had the State not made a charging error in this case. Further, we will remand this cause to the trial court so that Applicant may be resentenced under the correct range of punishment.

## III.      Conclusion

Applicant has established that he is entitled to relief from his conviction for the first-degree felony offense of fraudulent use or possession of 50 or more items of identifying information. The record reflects that Applicant's offense is instead a second-degree felony based on his possession of 10 or more but fewer than 50 items of identifying information. *See* TEX. PENAL CODE § 32.51(c)(3). We accordingly order the judgment in cause number F14-52852-N of the 283rd District Court of Dallas County reformed to second-degree felony fraudulent use or possession of identifying information. *Id.* We remand this cause to the trial court for a new punishment hearing.

Copies of this Opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.


Delivered: December 11, 2024

Publish